JOHN SHOREY *vs.* HENRY FARRELL.

The plaintiff hired of the defendant a room with steam power, at a monthly rent, it being agreed that he should have the power "as long as the defendant saw fit to let him have it." In an action for taking away the power, *Held*, that the plaintiff was not entitled to a month's notice before its discontinuance.

TORT. The declaration was as follows : " And the plaintiff says that he rented of the defendant a certain room on second floor, with steam power, at a certain rent per month, to wit, the sum of twenty-two dollars and ninety cents, in a building situated on the southerly side of Market Street, in said Lowell, and being room No. 5 in said building, the entrances to which are Nos. 90 and 92 on said street ; and that the defendant, without any legal notice, right or authority, cut off, took away, and deprived the plaintiff, and took and converted to his own use, said

steam power; and the plaintiff suffered great injury, inconvenience and damage thereby." The answer was a general denial.

At the trial in the Superior Court, *Dewey*, J., directed a verdict for the defendant, and reported the case as follows :

" The plaintiff testified that he was engaged in the manufacture of window shades ; that April 1, 1872, he hired of the defendant a room in the defendant's building, with steam power to run some small machines that he used in his business ; that the rent was to be at the rate of $275 per year, payable monthly that the agreement was that the plaintiff should have the room, and the power as long as the defendant saw fit to let him have it ; that the defendant did not want to let him have it for a definite time, as he did not know how it would work.

" The power came from an engine in another part of the building. Tenants in other parts of the building received power from the engine, and the plaintiff used power to run four small machines, requiring in all about one horse power. The plaintiff moved into the room immediately after his agreement with the defendant, and continued to occupy the room till about the middle of April, 1873. He was furnished with and used power till April 1, 1873 ; and no claim was made for damages prior to April 1, after which time no power was furnished him ; and for this damages are claimed.

" On March 4, 1873, the defendant delivered to the plaintiff the following notice : ' Lowell, March 1, 1873. Mr. Shorey, Please find another place more suitable for your work; we will have no power to let after April 1, 1873. Henry Farrell.'

" On March 11, 1873, the plaintiff delivered to the defendant the following notice : ' Lowell, March 11, 1873. Mr. Henry Farrell, Dear Sir : I have been delayed in my business on account of the shaft being out of order which brings power into my room, a good deal; and unless it runs when the engine runs till the 1st of April, you will have a bill of damages to pay. By saying, If I have no power, I shall not have it to pay for, does not answer the contract. Respectfully yours, John Shorey.'

" The plaintiff moved out his machines about the middle of April, 1873, and continued his business in another building. It

was agreed that if the plaintiff was only entitled to a reasonable notice to terminate his contract as to power, then the notice given March 4 afforded him a sufficient time prior to April 1 to move out his machines and obtain power elsewhere, and was a reasonable notice. The plaintiff contended that he was entitled to one month's notice before the defendant had a right to discontinue furnishing power. The defendant contended that the plaintiff was not entitled to any notice as to discontinuing the power, and that if entitled to any notice, then only to such reasonable notice as it was agreed that he had, and that the plaintiff could not upon his evidence maintain this action. And the court so ruled, and directed a verdict for the defendant." If the plaintiff was entitled to maintain this action upon the evidence and admitted facts, the verdict was to be set aside, and a new trial had; otherwise, judgment was to be entered on the verdict.

*C. A. F. Swan*, for the plaintiff.

*D. S. & G. F. Richardson*, for the defendant.

BY THE COURT. The agreement for the use of the steam power, as proved at the trial, was only that the plaintiff should have the power " as long as the defendant saw fit to let him have it ; " it was not governed by the statutes regulating the termination of tenancies at will of real estate ; and the plaintiff admitted that he had reasonable notice of the termination of this agreement. *Judgment on the verdict for the defendant.*